Filed 5/1/13  P. v. Carroll CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOSHUA BRIAN CARROLL,<br><br>    Defendant and Appellant. | B243459<br><br>(Los Angeles County<br>Super. Ct. No. KA098607) |

THE COURT:[*]

Joshua Brian Carroll appeals from a judgment following a guilty plea.  Because appellant pled no contest after waiving his right to a preliminary hearing, the following facts are taken from the probation report.

On July 9, 2012, sheriff's officials investigated a report that appellant had inappropriately touched his five-year-old daughter in a sexual manner.  Appellant admitted that he had touched the victim inappropriately on several occasions and that he had participated in inappropriate sexual acts with her.

After consulting with counsel, appellant pled guilty to one count of oral copulation of a person under the age of 14, in violation of Penal Code section 288a,

---

[*]  BOREN, P. J., ASHMANN-GERST, J., CHAVEZ, J.

subdivision (c)(1),[1] and one count of lewd conduct on a child under 14 years of age (§ 288, subd. (a)). Pursuant to a plea agreement, the court sentenced appellant to state prison for eight years comprised of the middle term of six years for one count (§ 288a, subd. (c)(1)), and a consecutive two-year sentence for the second count (§ 288, subd. (a)). The trial court imposed various fines and court fees and appellant was awarded three days of actual custody credit.

Appellant filed a timely notice of appeal from the judgment in which he checked the preprinted boxes indicating, "This appeal is based on the sentence or other matters occurring after the plea that do not affect the validity of the plea." As grounds for seeking a certificate of probable cause, appellant claimed the plea was illegal because he had not conferred with his counsel as to his rights and the nature of the plea. Appellant's request for a certificate of probable cause was denied.

We appointed counsel to represent appellant on this appeal. After examination of the record, counsel filed an "Opening Brief" containing an acknowledgement that he had been unable to find any arguable issues. On November 30, 2012, we advised appellant that he had 30 days within which to personally submit any contentions or issues that he wished us to consider. No response has been received to date.

Appellant was represented by counsel throughout the proceedings. He was fully apprised of his constitutional rights and the consequences of his plea. He expressly waived his rights, and his waiver was knowing, intelligent and voluntary. He specifically admitted violations of sections 288a, subdivision (c)(1), and 288, subdivision (a). There was no error in the sentence, which was in accord with applicable law and the negotiated disposition. Appellant received a fair hearing and due process.

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

We have examined the entire record and are satisfied that appellant's attorney has fully complied with his responsibilities and that no arguable issues exist. (*People v. Wende* (1979) 25 Cal.3d 436, 441.)

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.